# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JUAN ORTEGA-BUSTAMONTE,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C15-4064-MWB<br>(CR13-4060-MWB)<br>(CR13-4055-MWB)<br><br>**ORDER SETTING BRIEFING SCHEDULE ON PETITIONER'S MOTION TO VACATE SENTENCE AND JUDGMENT PURSUANT TO 28 U.S.C. § 2255** |

_____

This case is before me on petitioner Juan Ortega Bustamonte's *pro se* Motion To Vacate Sentence and Judgment Pursuant to 28 U.S.C. § 2255 (docket no. 1) and Bustamonte's *pro se* Motion for Extension of Time to File Response to Government's Answer (docket no. 4). Bustamonte's *pro se* Motion for Extension of Time to File Response to Government's Answer is granted. I have conducted my preliminary consideration of Bustamonte's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. The Clerk of Court is directed to appoint counsel to represent Bustamonte on his Motion To Vacate Sentence and Judgment Pursuant to 28 U.S.C. § 2255. Bustamonte, with the aid of counsel, shall file a brief in support of Bustamonte's § 2255 motion on or before **February 29, 2016**. The United States is directed to file a brief in response to Bustamonte's § 2255 motion on or before **March 28, 2016**. Bustamonte shall file any brief in reply on or before **April 21, 2016**.

I note that Bustamonte raises a claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to

communications with the attorney necessary to prove or disprove the claim. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."). Therefore, counsel whose representation is challenged shall cooperate with the United States and provide information, documents, and an affidavit, if necessary, responsive to any ineffective assistance of counsel claim in Bustamonte's § 2255 motion.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours and claim for other expenses should not exceed $250.00.

**IT0 IS SO ORDERED.**

**DATED** this 8th day of January, 2016.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA